UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN CHESLEK,

    Plaintiff,

v.

ENCORE CAPITAL GROUP, INC., et al.,

    Defendants.
_____/

Case No. 1:16-cv-1183

HON. JANET T. NEFF

# MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Change Venue (Dkt 8), to which Plaintiff filed a response in opposition (Dkt 18). For the reasons that follow, the Court will deny the motion.

Defendants move this Court for an order transferring this action to the United States District Court for the Eastern District of Michigan for consolidation with *Newman v. Encore Capital Group, Inc.*, No. 2:2016-cv-11395 (E.D. Mich.). Defendants assert that this Court has the inherent authority to do so under the "first-to-file rule" (Dkt 8 at PageID.476), a proposition with which Plaintiff does not disagree (Dkt 18 at PageID.741, 746). "The first-to-file rule is a prudential doctrine that grows out of the need to manage overlapping litigation across multiple districts. Simply stated, it provides that, 'when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should *generally* proceed to judgment.'" *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016) (quoting *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535,

551 (6th Cir. 2007) (emphasis in original)). In applying the first-to-file rule, "courts generally evaluate three factors: (1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." *Id.* If these three factors support application of the rule, then the court must also determine whether any equitable considerations merit not applying the first-to-file rule in a particular case. *Id.*

Defendants assert that the rule applies and that this case should be transferred to the District Court for the Eastern District of Michigan for consolidation with *Newman* (Dkt 8 at PageID.480, 499). Specifically, Defendants opine that Plaintiff, presumably a member of the putative class in *Newman*, is represented by the same counsel as the *Newman* Plaintiffs, and filed a complaint raising the same claims as in *Newman*, which, like the first-filed *Newman* complaint, are "based on the same allegedly false Affidavit and state court complaints filed by Midland while attempting to collect debt owed by Cheslek and others similarly situated" (*id.* at PageID.498, 500-504).

The Court finds that neither the balance of relevant factors nor equity favors application of the first-to-file rule in this case. The "chronology of events" factor simply asks which of the two overlapping cases was filed first, *Baatz*, 814 F.3d at 790, and Plaintiff does not dispute that *Newman* was filed first. As for the second factor, unless and until the *Newman* class is certified by the Eastern District of Michigan, Plaintiff is not a party to that case merely by virtue of being within the putative class. *See Baatz, supra.* Last, as Plaintiff more fully sets forth in his response, the conclusion of either *Newman* or this case, independent of the other, would leave separate issues still requiring resolution, and those prevailing questions alone provide a viable basis to reject transfer under the first-to-file rule. Last, while Defendants opine that there are no equitable considerations preventing transfer (Dkt 9 at PageID.504), the Court takes note of the concerns delineated by Plaintiff about the substantial and highly inconvenient travel expenditures that a

transfer to the Eastern District would require (Dkt 18 at PageID.748). For these reasons, the Court determines that denying the requested transfer constitutes a proper exercise of its discretion. Therefore:

IT IS HEREBY ORDERED that Defendants' Motion to Transfer Venue (Dkt 8) is DENIED.

Dated: February 3, 2017                             /s/ Janet T. Neff
                                                    JANET T. NEFF
                                                    United States District Judge